UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61137-LEIBOWITZ/AUGUSTIN-BIRCH

**PAUL SCOTT FRYBURG,**

    **Plaintiff,**

v.

**CAM IMPORT AUTO PARTS, INC.,** *et al.***,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION ON
JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

    This cause comes before the Court on the parties' Joint Motion for Approval of Parties' Settlement Agreement and Dismissal With Prejudice. DE 11. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 12. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Joint Motion be **GRANTED** [DE 11], that the parties' Settlement Agreement be **APPROVED** [DE 11-1], and that this case be **DISMISSED WITH PREJUDICE**.

    Plaintiff Paul Fryburg filed this action against Defendants, his former employers, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $7,200, comprised of $3,600 for alleged unpaid wages and $3,600 for alleged liquidated damages, and his counsel will receive $7,800 for fees and costs. DE 11-1 at 2.

    A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines

whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties discuss the *Leverso* factors for the Court. First, the parties state that they were represented by counsel experienced in litigating claims under the FLSA. DE 11 at 4. Second, the parties assert that they conducted an adequate investigation and had sufficient information to permit them to make an educated and informed decision to settle. *Id.* Third, the parties maintain that the complexity, expense, length of litigation, and risk of losing at trial all weighed heavily in favor of settlement. *Id.* at 5. Fourth, the parties note that this early settlement minimizes the parties' litigation costs. *Id.* Lastly, the parties believe that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claim. *See id.*

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case settled less than 2 months after Plaintiff initiated litigation, likely before meaningful discovery had begun and before any mediation, settlement conference, or motion practice. This early settlement avoided the accumulation of additional costs and expenses. Both parties had the assistance of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product of fraud or collusion. The Court concludes that application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a Mutual General Release, DE 11-1 at 1, and some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*,

No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). However, because the general release here is mutual insofar as both parties are releasing any possible claims they have against each other, the Court concludes that the Mutual General Release is fair and reasonable.

The Settlement Agreement also contains a Mutual Confidentiality clause. DE 11-1 at 2. Courts often decline to approve confidentiality clauses in FLSA settlement agreements. *E.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right"). However, given that the Settlement Agreement is filed in the record and publicly available, the Court finds the confidentiality clause reasonable. *See King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20 60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, Plaintiff's counsel will receive $7,800 for fees and costs. DE 11-1 at 2. Plaintiff's counsel supplemented the parties' Joint Motion with billing records, and these records reflect costs of $599 and fees of $9,530 for 22.7 hours of work at a rate of $400 per hour for Attorney Elliot Kozolchyk and 1.2 hours of work at a rate of $375 per hour for Attorney Dillon Cuthbertson. DE 14-1 at 5. After subtracting $599 in costs from the Settlement Agreement's provision of $7,800 for Plaintiff's counsel, $7,201 remains to compensate Plaintiff's counsel in fees. Dividing $7,201 by the total 23.9 hours of work claimed by

Attorneys Kozolchyk and Cuthbertson equates to an averaged hourly rate of $301 for both attorneys. The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include various standard provisions, such as a choice-of-law clause and a severability clause. *See* DE 11-1 at 2–3. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion for Approval of FLSA Settlement [DE 11] be **GRANTED** and that the Settlement Agreement [DE 11-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**. Since the parties request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, DE 11 at 6, the Court also recommends retaining jurisdiction to enforce the terms of the Settlement Agreement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 18th day of October, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE